22-1639
*Devin Giordano v. Cynthia Brann*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

Present:
>            DEBRA ANN LIVINGSTON,
>                 *Chief Judge*,
>            AMALYA L. KEARSE,
>            DENNY CHIN,
>                 *Circuit Judges.*

_____

DEVIN GIORDANO,

>            *Petitioner-Appellant*,

>       v.                                            22-1639

CYNTHIA BRANN, COMMISSIONER, NYC DEPARTMENT OF CORRECTIONS,

>            *Respondent-Appellee.*

_____

| | |
|---|---|
| For Petitioner-Appellant: | JARRETT ADAMS, Law Offices of Jarrett Adams, PLLC |
| For Respondent-Appellee: | ANDREW R. KASS, Executive Assistant District Attorney, *on behalf of* DAVID M. HOOVLER, District Attorney of Orange County |

1

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Devin Giordano appeals from a judgment entered June 29, 2022, by the United States District Court for the Southern District of New York (Hellerstein, *J.*) denying his petition for a writ of habeas corpus. Pursuant to a plea agreement, Giordano pleaded guilty to twelve of fourteen counts in a New York state court indictment, including murder in the second degree, burglary in the first degree, and arson in the third degree, based on a series of acts that culminated in the murder of an 81-year-old woman and the burning of her home. The Orange County, New York trial judge sentenced Giordano to concurrent terms, the longest of which was 20 years to life. Giordano moved in the trial court to vacate the judgment on the ground, *inter alia*, that he was denied effective assistance of counsel. Following the denial of this motion and of leave to appeal, Giordano petitioned for a writ of habeas corpus. Judgment was entered denying the petition on June 29, 2022. We granted a certificate of appealability on the issue of whether Giordano received ineffective assistance of counsel when his defense attorney failed to inform him of an affirmative defense. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

This Court reviews the district court's denial of a petition for habeas corpus *de novo*. *McCray v. Capra*, 45 F.4th 634, 639 (2d Cir. 2022). When, as here, the state court rejected an ineffective assistance of counsel claim on the merits, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant habeas relief only if the state court decision was

2

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1–2); *see Bell v. Miller*, 500 F.3d 149, 154–55 (2d Cir. 2007). "This is a 'highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt.'" *Harrell v. Miller*, No. 22-238-PR, 2023 WL 4479325, at *1 (2d Cir. July 12, 2023) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

In a petition for habeas relief alleging ineffective assistance of counsel, "the question as to whether the matter is governed by existing Supreme Court precedent 'is easily answered because the merits of [such] claim[s] are squarely governed by [the Supreme Court's] holding in *Strickland v. Washington.*'" *Lindstadt v. Keane*, 239 F.3d 191, 198 (2d Cir. 2001) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000)). In *Strickland,* the Supreme Court established a two-part test to evaluate claims of ineffective assistance of counsel in violation of the Sixth Amendment. 466 U.S. 668, 687 (1984). To warrant relief, a petitioner must show (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687–88. Either prong of the defense may be addressed first; and if either is insufficient, the other need not be addressed. *See id.* at 697. As to the first prong, this Court will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With regard to the second prong, prejudice occurs if, but for counsel's deficient representation, there exists a "reasonable probability that . . . the result of the proceeding would have been different."[1] *Id.* at

---

[1] "The likelihood of a different result," absent the alleged deficiencies in performance, "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

3

694. And when applying AEDPA deference to an ineffective assistance of counsel claim, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (alteration in original) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Giordano argues that he received ineffective assistance of counsel when his attorney failed to discuss with him the "non-slayer" affirmative defense to second degree felony murder, codified at N.Y. Penal Law § 125.25(3). In order to establish that defense, the defendant must show, by a preponderance of the evidence, *see, e.g.*, *People v. Bornholdt*, 33 N.Y. 2d 75, 82-86, 305 N.E.2d 461, 465–67 (1973), that, *inter alia*, he

> (a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and
>
> . . . .
>
> (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury,

N.Y. Penal Law § 125.25(3)(a) and (d). While there is no dispute that counsel did not mention the non-slayer defense to Giordano, we conclude, upon review of the record, that Giordano failed to meet the high standard established by AEDPA for habeas relief on the basis of ineffective assistance of counsel.

The state court concluded that counsel's failure to mention the defense did not amount to ineffective assistance. We do not think this conclusion was unreasonable. Unreasonable errors by counsel "include 'omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness.'" *Wilson v.*

*Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (alteration in original) (quoting *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003)). Here, counsel indicated that he discussed the elements of the charges with Giordano and advised him on his options regarding trial or plea outcomes, but did not discuss the "non-slayer" defense because "he did not consider it a possibly successful strategy." Counsel considered that Giordano's co-defendant had pleaded guilty, inculpated him during her plea allocation, and seemed poised to testify against him at a potential trial. Furthermore, counsel indicated that he was aware that authorities had found the victim's property in Giordano's bedroom after the crime, and that absent a plea agreement, the prosecution would have considered resubmitting charges to a grand jury.

Reasonable counsel could conclude that these factors would seriously undermine the potential efficacy of the affirmative defense and thus recommend forgoing such a defense and accepting a plea deal. *DeLuca v. Lord,* on which Giordano relies, does not alter this calculus. 77 F.3d 578 (2d Cir. 1996). There, trial counsel provided testimony that he had "rapidly, at an early stage" abandoned consideration of an affirmative defense in large part because DeLuca "had an 'absolute aversion to going to psychiatrists'"—which counsel viewed as a necessary step to establish the defense at issue. *Id.* at 583. We determined that counsel "had not properly understood the defense," which "was of great potential importance" to the defense case, *id.* at 586, and that counsel had rejected the potential defense "for inadequate reasons," *id.* at 587. None of these factors are present here. And in such circumstances, Giordano cannot show a constitutional violation, much less "that the state court's application of *Strickland* was not merely incorrect, but objectively unreasonable." *Palacios v. Burge*, 589 F.3d 561, 561–62 (2d Cir. 2009) (citation and internal quotation marks omitted).

5

With respect to the second prong, in order "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, we agree with the district court that informing Giordano of the non-slayer defense would not have given rise to the substantial likelihood of such an outcome. The stolen jewelry found in Giordano's bedroom, along with the inconsistencies in his statements to police and potential testimony from others that he had planned the burglary and discussed killing someone on the night of the murder, undercut his argument that Giordano would have chosen to go to trial rather than pleading guilty. Moreover, if Giordano had proceeded to trial, he could well have faced a first-degree murder charge. In addition, he still faced the prospect of a substantially greater prison sentence, particularly given that the affirmative defense underlying his ineffective-assistance claim constituted a potential defense only as to the felony-murder charge. Based on the record evidence, we cannot say that Giordano established prejudice, much less that the state court acted unreasonably in rejecting his ineffective-assistance claim.

* * *

We have considered Petitioner-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6